# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES, | CASE NO. 1:08-cv-01706 DLB PC |
| Plaintiff, | ORDER DENYING MOTION TO REMAND |
| v. | (Doc. 6) |
| JAMES YATES, et al., | |
| Defendants | |

This is a civil action filed by plaintiff Michael A. James ("plaintiff"), a state prisoner proceeding pro. Plaintiff filed a first amended complaint in Fresno County Superior Court on October 8, 2008. This action was removed from the Fresno County Superior Court to this Court by defendant Yates ("defendant") on November 7, 2008. On December 5, 2008, Plaintiff filed an "objection" to the notice of removal. (Doc. 6). Plaintiff argues that state court is the proper venue for his claim and that the removal should be denied as a matter of justice and expedience. Defendant did not file a response. The Court construes Plaintiff's "objection" as a motion to remand this action back to state court. The motion is deemed submitted. Local Rule 78-230.

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because of the "Congressional purpose to restrict the jurisdiction of the federal

courts on removal," the removal statute is strictly construed against removal.[1] Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Courts "must consider whether federal jurisdiction exists, even if no objection is made to removal, and even if both parties stipulate to federal jurisdiction." Rains v. Criterion Systems, Inc., 80 F.3d 339, 342 (9th Cir. 1996) (citations omitted).

In his notice of removal, defendant contends that the action appears to state a cause of action for violation of Plaintiff's Eighth Amendment rights. (Doc. 1:7-8.) "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc., v. Williams, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

Defendant's contention that this action arises under federal law is supported by a review of plaintiff's first amended complaint. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979) (existence of federal jurisdiction determined by the complaint at the time of removal). Although plaintiff claims negligence and intentional tort as the causes of action, Plaintiff proceeds to argue that defendants are not entitled to qualified immunity because Plaintiff's Eighth Amendment rights were violated, and that "[v]iolation of the Eighth Amendment guarantee can never be justified. It is not a 'maybe' or 'sometime' proposition". (See Doc. 1-4, Plaintiff's First Amended Complaint, p.13:7-9; p.15:13-15).

///
///
///
///

---

[1] "At the core of the federal judicial system is the principle that the federal courts are courts of limited jurisdiction." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).

1  Plaintiff has not sufficiently argued lack of subject matter jurisdiction or any other defect in
2  the removal process as grounds for remand. 28 U.S.C. 1447(c). Accordingly, Plaintiff's objection,
3  construed as a motion to remand, is HEREBY ORDERED DENIED.

5  IT IS SO ORDERED.
6  Dated: **February 4, 2009**           /s/ **Dennis L. Beck**
                                          UNITED STATES MAGISTRATE JUDGE