# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JAMES, | CASE NO. 1:08-cv-01706-DLB PC |
| Plaintiff, | ORDER DISREGARDING MOTION |
| v. | (Doc. 24) |
| YATES, et al., | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| Defendants. | |
| | (Doc. 28) |
| _____/ | DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.    Background**

Plaintiff Michael James ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his action Fresno County Superior Court on April 10, 2008. On October 8, 2008, Plaintiff filed a first amended complaint. On November 7, 2008, Defendant Yates filed a notice of removal. On March 17, 2009, the Court screened Plaintiff's first amended complaint and dismissed with leave to file an amended complaint within thirty days. On May 13, 2009, after receiving an extension of time, Plaintiff filed his second amended complaint. On September 23, 2009, the Court dismissed Plaintiff's second amended complaint with leave to file a third amended complaint within thirty days. On

1

1   October 26, 2009, Plaintiff filed his third amended complaint, which is the operative pleading.[1]

2          The Court is required to screen complaints brought by prisoners seeking relief against a

3   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

5   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

6   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

7   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

8   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

9   appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

10  1915(e)(2)(B)(ii).

11         A complaint must contain "a short and plain statement of the claim showing that the

12  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

13  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

14  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

15  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient

16  factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Iqbal*, 129 S. Ct.

17  at 1949 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal

18  conclusions are not.  *Id.*

19  **II.    Summary of Plaintiff's Third Amended Complaint**

20         Plaintiff is currently a state prisoner at Pleasant Valley State Prison ("PVSP") in

21  Coalinga, California.  Plaintiff names as Defendants: director of CDCR Matthew Cate, Warden

22  James Yates, medical doctor Robert Meyers, RN Jane Robinson, DJO Steven Ritter, RN Jackie

23  Clark, medical doctor Nadim Khoury, medical doctor Glenn Thiel, RN Susan Odegaard Turner,

24  Ph.D. Tim Rougeux, RN  Susan Scott, RN Karen Rea, director of division of adult institutions

25  John Dovey, regional medical director Scott Kernan, medical director Janet Rodriquez, chief

26

27         [1]  On February 26, 2010, Plaintiff filed a motion to expedite the screening of his complaint.  (Doc. 24.)
    Because the Court is screening Plaintiff's third amended complaint with this order, Plaintiff's motion is disregarded
28  as unnecessary.

1   classification service unit Terri McDonald, and chief medical health care services Robin

2   Dezember, Plaintiff also names as defendants medical doctor Peter Farber-Szdrenyi, medical

3   doctor Dwight Winslow, associate warden R. Hansen, medical director Frank Igbinosa, and

4   Kanan, who appears to be a medical doctor.

5          Plaintiff alleges the following.  Plaintiff contends that he arrived at PVSP on April 28,

6   1999.  (TAC ¶ 1.)  Plaintiff was diagnosed with asthma and bronchitis prior to his transfer.

7   (TAC ¶ 2.)  Plaintiff has requested a transfer out of PVSP every year because of valley fever

8   contamination in the area.  (TAC ¶ 3.)  Plaintiff was not warned of the risks of contracting valley

9   fever.  (TAC ¶ 6.)  In 2004, Plaintiff began to have difficulties breathing, experiencing chest

10  pains, night sweats, body ache, along with other infirmities.  (TAC ¶ 7.)  Plaintiff was

11  misdiagnosed as having hearing problems.  (TAC ¶ 7.)  In 2005, Plaintiff continued to experience

12  chest heaviness, shortness of breath, and lesions on his body.  (TAC ¶ 8.)  The medication he was

13  receiving was not working and his condition worsened.  (TAC ¶ 9.)  In 2006, Plaintiff was taken

14  to a radiologist for x-rays.  (TAC ¶ 10.)  Plaintiff was seen by doctor Coleman, who noticed

15  white blotches in Plaintiff's lungs from the x-rays.  (TAC ¶ 12.)  Doctor Coleman gave Plaintiff

16  an incorrect prescription, but later corrected it.  (TAC ¶¶ 13-14.)  Plaintiff was transferred to

17  Hanford Medical Center in August 2006 for valley fever infection.  (TAC ¶ 16.)  Plaintiff alleges

18  that the CDCR issued two memoranda, one in August 3, 2006 and the other in January 16, 2007,

19  regarding valley fever and high risk of exposure for inmates.  (TAC ¶¶ 19-20.)  Plaintiff alleges

20  that valley fever is known to be more dangerous to African Americans than any other race or

21  ethnicity.  (TAC ¶ 18.)  Plaintiff contends that he was made to wait an irrational and

22  unreasonably lengthy period of time between treatments and examinations.  (TAC ¶ 21.) Plaintiff

23  contends that defendants knew of the severity of the valley fever, including the death of inmates.

24  (TAC ¶¶ 22-23.)

25         Plaintiff contends that Defendants Cate, Yates, and Hansen failed to remove Plaintiff

26  from the area when he requested, despite knowing Plaintiff's medical condition.  Plaintiff

27  contends that Defendants Dovey, Cate, Yates, McDonald, Kernan, Rodriquez, Igbinosa and

28  Hansen refused to approve Plaintiff's transfer out of the area causing Plaintiff to contract valley

1  fever.  (TAC ¶ 25.)  Plaintiff contends that Defendants Cate, Yates, Igbinosa, Winslow,

2  McDonald, Hansen, Rougeux, Dovey, Kanan, Kernan, and Rodriquez failed to clean up the soil

3  known to be contaminated with valley fever spores or make accommodations for prisoners to be

4  moved out of PVSP until the soil was cleaned.  (TAC ¶ 26.)  Plaintiff contends that defendants

5  Cate, Yates, Igbinosa, Hansen, Dezember, Farber-Szedrenyi, Meyers, Robinson, Ritter, Clark,

6  Khoury, Thiel, Odegaard-Turner, Scott, and Rea failed to ensure that medical staff screened and

7  examined prisoners prior to transfer to PVSP.  (TAC ¶ 27.)  Plaintiff contends that all defendants

8  made no effort to correct the cause of valley fever infection and still allow prisoners to enter the

9  area, which is very dangerous to the large population of African American male prisoners at

10  PVSP.  (TAC ¶ 28.)

11      Plaintiff seeks injunctive relief in the form of a transfer out of PVSP, decontamination of

12  valley fever in the area, and monetary damages.

13  **III.**   **Analysis**

14      **A.**    **Due Process**

15      Plaintiff alleges a violation of the Due Process Clause of the Fourteenth Amendment.  As

16  previously stated in the Court's September 23, 2009 order, "[t]o establish a violation of

17  substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged

18  government action was clearly arbitrary and unreasonable, having no substantial relation to the

19  public health, safety, morals, or general welfare.  Where a particular amendment provides an

20  explicit textual source of constitutional protection against a particular sort of government

21  behavior, that Amendment, not the more generalized notion of substantive due process, must be

22  the guide for analyzing a plaintiff's claims."  *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996)

23  (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); *see*

24  *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).  In this case, the Eighth Amendment

25  "provides [the] explicit textual source of constitutional protection . . . ."  *Patel*, 103 F.3d at 874.

26  Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth

27  Amendment governs Plaintiff's claims.

28  ///

4

1        **B.        Eighth Amendment - Conditions of Confinement**

2        Plaintiff is seeking relief for violation of the Eighth Amendment, which protects prisoners

3  from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan*

4  *v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make

5  out a conditions of confinement claim, and only those deprivations denying the minimal civilized

6  measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment

7  violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In

8  order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient

9  to support a claim that officials knew of and disregarded a substantial risk of serious harm to

10  him.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128

11  (9th Cir. 1998).  General allegations about the dangerous conditions at PVSP and the failure to

12  warn Plaintiff of those conditions, or risks, are not sufficient to support an Eighth Amendment

13  claim.  Mere negligence on the part of the official is not sufficient to establish liability, but

14  rather, the official's conduct must have been wanton.  *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d

15  at 1128.

16        Here, Plaintiff alleges that Defendants did not screen prisoners prior to transferring them

17  to PVSP.  This is not sufficient to state a cognizable Eighth Amendment claim, as it fails to

18  demonstrate that Defendants knew of and disregarded an excessive risk to Plaintiff's health or

19  safety.  *Farmer*, 511 U.S. at 847.  Going to an area which contains valley fever and contracting

20  valley fever are not sufficient to state an Eighth Amendment claim.

21        Plaintiff contends that Defendants Cate, Yates, and Hansen failed to remove Plaintiff

22  from the area when he requested, despite knowing Plaintiff's medical condition.  Plaintiff

23  contends that Defendants Dovey, Cate, Yates, McDonald, Kernan, Rodriquez, Igbinosa and

24  Hansen refused to approve Plaintiff's transfer out of the area causing Plaintiff to contract valley

25  fever.  Plaintiff contends that Defendants Cate, Yates, Igbinosa, Winslow, McDonald, Hansen,

26  Rougeux, Dovey, Kanan, Kernan, and Rodriquez failed to clean up the soil known to be

27  contaminated with valley fever spores, or make accommodations for prisoners to be moved out

28  of PVSP until the soil was cleaned.

1    Plaintiff has not sufficiently alleged that Defendants knew of and disregarded a serious

2  risk to Plaintiff's health.  Prisoners may state a cause of action under the Eighth Amendment by

3  alleging that prison officials, with deliberate indifference, exposed Plaintiff to a serious,

4  communicable disease that poses "an unreasonable risk of serious damage to [the prisoner's]

5  future health."  *Helling v. McKinney*, 509 U.S. 25, 35 (1993).   Even assuming Plaintiff is more

6  susceptible to contracting valley fever, exposure in this instance is not sufficient by itself to

7  establish a deliberate indifference claim.  When responding to Plaintiff's inmate grievance

8  requesting transfer because of valley fever, prison officials found Plaintiff did not meet the

9  criteria for a prison transfer.  (TAC ¶ 17.)  This demonstrates that Defendants considered

10  Plaintiff's request, which would thus fail to indicate that Defendants were deliberately

11  indifferent.  If Defendants had, with deliberate indifference, failed to treat Plaintiff for his valley

12  fever, Plaintiff would state an Eighth Amendment claim.  However, Plaintiff has not sufficiently

13  plead facts that support a finding that Defendants knew of and disregarded an excessive risk to

14  Plaintiff's health merely for housing Plaintiff in PVSP and denying him a prison transfer.

15    To the extent that Plaintiff alleges liability based on Defendants' roles as supervisory

16  officials, the Supreme Court recently emphasized that the term "supervisory liability," loosely

17  and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.

18  "Government officials may not be held liable for the unconstitutional conduct of their

19  subordinates under a theory of *respondeat superior*."  *Id.* at 1948.  Rather, each government

20  official, regardless of his or her title, is only liable for his or her own misconduct.  *Id.* at 1948-49.

21  Accordingly, Plaintiff fails to state a cognizable Eighth Amendment claim against any of the

22  above-named Defendants.

23    **C.    Eighth Amendment - Medical Care**

24    A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

25  Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

26  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

27  indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

28  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

Plaintiff's contention that he was made to wait an irrational and unreasonably long period of time between examination and treatment fails to state a cognizable Eighth Amendment claim, as Plaintiff fails to link any defendants to an act that violated Plaintiff's medical care.  To the extent that Plaintiff is attempting to allege a claim for inadequate medical care, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added); *see Iqbal*, 129. S. Ct. at 1948-49 (holding that each government official is liable for his or her own conduct, not the actions of his or her subordinates).  Plaintiff fails to link any named defendant to any act or omission that would support a claim under the Eighth Amendment based on inadequate medical care.

**IV.   Conclusion and Order**

Plaintiff fails to state a cognizable Eighth Amendment claim regarding medical care or conditions of confinement against any Defendants.  Plaintiff was previously provided with two opportunities to amend his complaint and cure the deficiencies identified.  Plaintiff has been unable to do so, and further leave to amend will not be granted.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY ORDERED that this action is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted.  The Clerk of the Court is directed to close this action.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **June 15, 2010**                         **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE